■ BERNARD L. SELIGMAN, on Behalf of Himself and All Other Policyholders of the GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Similarly Situated, Respondent, v GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

Appellant.—Order, Supreme Court, New York County, entered on April 5, 1977, granting permission to maintain a class action, unanimously reversed, on the law and in the exercise of discretion, and the motion denied. Appellant shall recover of respondent $40 costs and disbursements of this appeal. The applicable statute (CPLR 902) states "the matters which the court shall consider in determining whether the action may proceed as a class action". However, "[i]n recommending the class action legislation, the Judicial Conference made it clear that the considerations listed in CPLR 902 were intended to be non-exhaustive. The court may consider the merits of the action * * * The Court should eliminate spurious and sham suits as early as possible to avoid the expenditure of both time and money by both the courts and the opponents of the class." (2 Weinstein-Korn-Miller, NY Civ Prac, par 902.10.) We find the proposed action to be without merit. Suit is upon a major medical insurance policy, sold at a reduced rate because of reduced benefits fashioned to cover costs not compensated by Medicare. Medicare's agreement with covered hospitals is to the effect that charges paid by Medicare are channeled directly to the treating hospital, and the covered patient is not to be held liable for any such charge. This plaintiff, with Medicare coverage, entered such a hospital for surgery, incurring costs totaling $3,846 of which $3,515 was paid directly by Medicare. Defendant insurer paid for other medical charges not covered by Medicare, but declined payment to plaintiff of the $3,515 already paid to the hospital. Such a payment to him would have given him a 100% bonus, never contemplated by his insurance contract. He was a nominal debtor to the hospital only in the event Medicare defaulted in payment, Medicare being the prime obligor under its agreement with the hospital. His insurance contract called for defendant to pay only those charges for which plaintiff was legally obligated to pay, and this did not include the charge picked up by Medicare. As was pointed out at the argument, there may be medical insurance policies, priced at a sufficiently larger premium, which offer medical reimbursement benefits without regard to other coverage, but the subject policy is not one. There being no merit to the projected class action, the motion for permission to proceed in that manner should have been denied. Concur—Kupferman, J. P., Silverman, Lane and Markewich, JJ.