■ SUSAN GOTTLIEB et al., Individually and on Behalf of All Other Passengers on the M. S. Kazakhstan, Similarly Situated, Appellants, v MARCH SHIPPING PASSENGER SERVICES, a Division of MARCH SHIPPING CORPORATION, et al., Respondents.—Order, Supreme Court, New York County, entered September 26, 1977, denying plaintiffs' motion for an order determining that the action be maintained as a class action, is unanimously affirmed, without costs and without disbursements, and without prejudice to a renewal by plaintiffs of said motion on the presentation of further factual evidence. The present papers are insufficient to show that the case is appropriate for class action relief. To begin with there is no adequate

refutation of the Special Term's view that plaintiffs' complaints may not be shared by a whole class of other passengers. Indeed, the present papers "would suggest a certain paucity of litigants in the class plaintiff seeks to represent. 'If a class of interested litigants is not already in existence the court should not go out of its way to create one without good reason' *(Berley v Dreyfus & Co.,* 43 FRD 397, 398-399)" *(Strauss v Long Is. Sports,* 60 AD2d 501, 511). Whether a sufficient number of other passengers share plaintiffs' complaints is at this point "purely speculative." *(Gould v American Health & Life Ins. Co.,* 59 AD2d 681, 682.) The cruise complained of sailed from and returned to New Orleans, Louisiana, and the passengers on the ship apparently came from many parts of the United States. Thus there is a perplexing and unsettled problem as to the extent to which the judgment of a New York State court in a pseudo class action of this type would bind nonresident passenger members of the class. Accordingly, any renewal of this motion should give further factual information, obtained by deposition or otherwise, as to the merits, and as to whether other passengers share the same complaints, and as to geographical distribution of the residence of the other passengers on the cruise, with at least some evidence as to how many of them are residents of New York. Concur—Birns, J. P., Sandler, Sullivan and Silverman, JJ.