■ MILDRED DUPACK et al., Appellants, v NATIONWIDE LEISURE CORPORATION, et al., Respondents.—Order, Supreme Court, New York County, entered February 14, 1979, denying plaintiffs' motion to certify the action as a class action and for partial summary judgment on the issue of liability on the second cause of action for breach of contract against defendants Nationwide Leisure Corporation and Stuart Graff, and granting said defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the cross motion for summary judgment as to plaintiff Mildred Dupack against Nationwide Leisure Corp. on all causes of action and against Stuart Graff on the first cause of action and otherwise

affirmed, without costs or disbursements on the appeal, without prejudice to renewal of the motions for summary judgment after completion of discovery proceedings and to renewal of plaintiffs' motion for class action certification after conduct of sufficient disclosure to ascertain the facts in relation to the nature and size of the class. The action was commenced by plaintiffs, who purport to represent persons who contracted with Nationwide in planning a one-week charter tour to Munich, Germany during the period from April 1, 1977 through October 28, 1977. Plaintiffs assert that the class sought to be certified consists of approximately 4,000 persons who took the 31 charter tours to Munich during that period of time. The complaint, with causes of action sounding in fraudulent misrepresentation and breach of contract, alleges that a brochure circulated by defendants offered accomodations for seven nights at the "new Superior First Class Holiday Inn, or similar" located "in the heart of Schwabing". Plaintiff Mildred Dupack claims that upon arrival in Munich, she and her husband were advised that the Holiday Inn had no rooms and, accordingly, arrangements were made for her to stay at the Europa Hotel, "an inferior hotel" located "in a slum area of Munich which was unsafe, dirty and seedy and * * * not centrally located to that portion of Munich wherein the Holiday Inn was located." It is claimed that other members of the tour group were sent to various inferior hotels in substitution for the promised accommodations. In opposition to plaintiffs' motion for summary relief, defendants claimed that accommodations at the Europa were similar to those available at the Holiday Inn, that both are well maintained, located in respectable areas and comfortably furnished with private rooms and bath. Defendants also assert that during the period that the tour was offered, of the 3,568 people who had been booked to stay at the Holiday Inn, 3,308 actually stayed at that hotel, 76 settled with Nationwide upon payment to them of a sum of money, and 100 accepted free dinners or other accommodations to compensate for any inconvenience, thereby leaving approximately 79 persons who might comprise the class sought to be represented by plaintiffs. We are in agreement that the factual discrepancies contained in the record preclude consideration at this time of both motions for summary relief. Whether the accommodations which were provided were "similar" to those promised in the brochure is a factual issue which cannot be resolved as a matter of law on this record. Nor may we ascertain the nature and size of the class, which from the conflicting accounts may range from a low of 79 to a high of 4,000 persons. Although defendants assert that other persons on the tour accepted some other form of gratuity to compensate for any inconvenience which may have been caused, it does not appear whether such acceptance was in full satisfaction of any claim which might exist. The conclusory assertion that defendants "settled" with some consumers and provided free dinners to others as an "accord and satisfaction" is insufficient. Nor may plaintiff properly predicate a motion for class action certification on the general, conclusory allegations contained in this record. No attempt has been made to ascertain how many persons comprise the class sought to be represented, nor whether other persons booked on the tour share plaintiffs' complaints (see *Gottlieb v March Shipping Passenger Servs., Div. of March Shipping Corp.*, 67 AD2d 879). We are in agreement, however, that Mildred Dupack may not properly represent persons who stayed at hotels other than the Europa. As to those persons who received different accommodations, she lacks requisite standing either to represent their interests or to offer proof relevant as to whether or not the accommodations furnished were as represented. We disagree with Special Term in finding no theory upon which Stuart Graff, as principal of

Nationwide, can be held personally liable. Although it is clear that the claim for breach of contract is based upon the contractual relationship with the corporate defendant and, therefore, cannot result in personal liability to Graff as officer or director, the first cause of action alleges fraudulent misrepresentations by Graff as well. We find the allegations sufficient to state a cause of action, the merits of which may not be disposed of summarily, particularly where, as here, plaintiff has not had an opportunity to examine Graff on the fraud issues thus raised. Nor do we agree with Special Term's finding that each of the plaintiffs had failed to appear for depositions, as directed by the prior order of Mr. Justice Stecher. To the contrary, it is conceded on this record that Mildred Dupack did appear for examination before trial on September 25, 1978. Accordingly, her complaint should be reinstated. The remaining plaintiffs—Theodore Dupack, Regina Lovejoy and Leonard Lovejoy—did not appear as directed, electing instead to withdraw from the action. We conclude, as did the Justice at Special Term, that it was inappropriate for said plaintiffs, when faced with a motion to dismiss for their failure to appear in New York for depositions, to seek discontinuance of their action in lieu of appearance. Concur—Birns, J. P., Fein, Sandler, Silverman and Ross, JJ.