■    MARION KLAKIS et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v NATIONWIDE LEISURE CORPORATION et al., Defendants. NATIONWIDE LEISURE CORPORATION et al., Respondents; CAPITOL INTERNATIONAL AIRWAYS, Appellant.—Order, Supreme Court, New York County, entered December 11, 1978, which, *inter alia,* granted the cross motion of defendants Nationwide Leisure Corporation and Stuart Graff for summary judgment dismissing the complaint as against them and granted the motion of Capitol International Airways dismissing the first and third causes of action as against it, and denied plaintiffs' motion for partial summary judgment on the second cause of action, modified, on the law, to the extent of denying summary judgment to Nationwide and denying summary judgment as to the individual defendant Graff on the first and third causes of action, reinstating the first and third causes of action against the defendant Capitol, and otherwise affirmed, without costs or disbursements. Marion Klakis purchased a charter tour vacation from the defendant Nationwide Leisure Corporation which included round trip charter jet flights with the defendant Capitol International Airways. The vacation was to last for four nights and five days, and included accommodations at hotels in Nassau/Paradise Island. The tour was scheduled to leave from John F. Kennedy International Airport on January 22, 1978 at 6:00 A.M.; instead, it left at 9:00 A.M. on January 23. Those taking the tour received a vacation package of three nights and two days rather than the advertised four nights and five days. In addition, those on the tour were only able to occupy their rooms late on the day of arrival and had to vacate their rooms on the morning of their departure date, rather than just before flight time. Their departure from Nassau was punctuated by multiple annoying delays. The plaintiffs brought this action on their own behalf and purportedly on behalf of all others similarly situated. There are three causes of action sought to be reviewed on this appeal. The first alleges that Nationwide, Capitol, and the individual Graff fraudulently misrepresented the nature of the transportation to be afforded and its scheduling. The second alleges breach of contract, and the third seeks rescission and return of all moneys paid based on the fraudulent misrepresentation of the defendants. Plaintiffs moved at Special Term for class action certification and partial summary judgment on the second cause of action. Nationwide and Graff moved for summary judgment dismissing the complaint. Capitol, in separate papers, moved for dismissal of the complaint as against it, and for other relief. Special Term denied class action status, denied plaintiffs' motion for partial summary judgment, granted the motion of Nationwide and Graff to dismiss the complaint

against them, and granted Capitol's motion only to the extent of dismissing the first and third causes of action as against it. We would modify the order of Special Term to the extent of denying Nationwide's motion to dismiss the complaint and denying the individual Graff's motion as to the first and third causes of action. We would also reinstate the first and third causes of action against the defendant Capitol. On January 18 and 19, a few days before the scheduled departure, there was a major snowstorm. The corporate defendants relied on the provisions in their literature and contracts, which excluded responsibility for delays or changes in departure time due to adverse weather conditions. Capitol further claims that there is no privity of contract between the plaintiffs and it. The alleged misrepresentations claimed in the complaint include the dates and scheduling of departure from both New York City and Nassau. Whether these misrepresentations are fraudulent cannot be ascertained from the facts in the record as they have been developed thus far, and it would therefore be premature to dismiss the complaint against Nationwide and Graff. Similarly, the absence of an evidentiary showing of reasons for the delays precludes the granting of summary judgment to plaintiffs on the second cause of action. As to Capitol, the facts as to its relationship with Nationwide have not been adequately developed at this time, prior to completion of discovery, to justify dismissal of the contract cause of action. We note that the allegations in the complaint at bar against the individual defendant Graff are similar in content to the allegations in a complaint against the individual Graff recently reviewed by this court in *Dupack v Nationwide Leisure Corp.* (70 AD2d 568). The court in that case found that there was sufficient stated in the complaint against Graff to withstand its summary dismissal against that individual defendant except as to the cause of action alleging breach of contract. We conclude that dismissal of the complaint, therefore, against the individual defendant Graff at this time, with regard to the other causes of action, would be premature. We note, however, that class action status was properly denied by Special Term. There appear to be but 21 tourists who have not yet settled their claims. Also, it has not been shown that the complaints of the purported class members are the same as, or typical of, those of the plaintiffs (see CPLR 901). We have modified the order of Special Term accordingly. Our disposition of this appeal is, of course, without prejudice to the parties' renewing their motions for the relief requested after further discovery proceedings have been conducted. Concur—Kupferman, J. P., Sandler, Sullivan and Lane, JJ.

Lupiano, J., dissents in part in a memorandum, as follows: I join with the majority insofar as they uphold the disposition of Special Term in (1) denying plaintiffs' motion seeking class action certification and partial summary judgment on the issue of liability on the second cause of action against defendants Nationwide Leisure Corporation and Stuart Graff, (2) granting defendant Graff's cross motion for summary judgment dismissing the second cause of action as to him and (3) denying defendant Capitol International Airways' cross motion for summary judgment dismissing the second cause of action as to it. I further indorse the majority's modification insofar as it denies defendant Nationwide's cross motion for summary judgment dismissing the second cause of action as to it. However, I depart from the majority rationale insofar as it denies defendants Nationwide and Graff summary judgment dismissing the first and third causes of action as to them and denies defendant Capitol International Airways' summary judgment dismissing the first and third causes of action as to it. Plaintiffs purchased from defendant Nationwide Leisure Corporation (hereinafter

Nationwide) a chartered tour to Nassau which was scheduled to leave Kennedy Airport at 6:00 A.M. on January 22, 1978, and to return there at 1:30 P.M. on January 26, 1978. The tour included round trip chartered jet flights on defendant Capitol International Airways (hereinafter Capitol), a certified supplemental air carrier. In the complaint, plaintiffs charge that the flight left Kennedy one day later, on January 23, 1978, rather than January 22, as scheduled, and that as a sequence of the delays in their travel, they received, instead of the advertised four nights and five days, a stay of only three nights and two days. Insofar as here pertinent, the complaint states three causes of action against all the defendants. The first cause of action alleges fraud, the second breach of contract, and the third seeks rescission. Plaintiffs moved for class action certification and for partial summary judgment on their second cause of action for breach of contract against Nationwide and its president, Stuart Graff. The defendants Nationwide and Graff cross-moved for summary judgment dismissing the complaint as to them and defendant Capitol cross-moved for summary judgment dismissing the complaint as to it, or, in the alternative, for a protective order vacating plaintiffs' first set of interrogatories. Special Term denied the plaintiffs' motion, granted the cross motion of defendants Nationwide and Graff for summary judgment dismissing the complaint as to them, and granted the cross motion of defendant Capitol for summary judgment dismissing the complaint as to it insofar as the first and third causes of action are concerned. The complaint, by virtue of this disposition, contains only one cause of action for breach of contract against Capitol. The basis of the complaint is the alleged failure on defendants' part to provide for the air travel as scheduled. It is noted at the outset that plaintiffs have failed to raise a factual issue respecting the statements and documentary support by parties having knowledge of the facts on behalf of defendants Nationwide and Capitol to the effect that said defendants are separate entities and are not interrelated or joined in a joint venture. It is also clear on this record that Special Term properly denied class action certification. Further, it appears that of the individuals who took the trip only a few (among them plaintiffs herein) have refused to accept partial reimbursement by Nationwide. Affidavits on the part of Graff and an officer of Capitol assert that the delay in leaving Kennedy was occasioned by a catastrophic snowstorm which struck the Metropolitan area and preceded by a short interval the scheduled departure date. Graff states that he made no personal representations to the plaintiffs and that the only representations made are those contained in Nationwide's brochure. On this record there is no enumerated specific promises by Graff or Nationwide other than those set forth in the brochure. Confronted by this, plaintiffs, in response to the cross motion by Graff and Nationwide for summary judgment, responded that they desire to conduct disclosure proceedings so as to be in a position to pierce the corporate veil, i.e., to affix personal liability on defendant Graff. Patently, there is no privity of contract between Capitol and the plaintiffs. However, plaintiffs may maintain an action for breach of contract against Capitol as third-party beneficiaries of the contract between Nationwide and Capitol. The contract of carriage entered into between Capitol and Nationwide excuses performance where there is an Act of God. Capitol relies on the claim of Act of God, to wit, the snowstorm that struck the Metropolitan area shortly prior to the scheduled departure. This issue involves information which is not exclusively within the possession of Capitol but is available to all the parties herein. The fact of the catastrophic snowstorm and its interruption of air traffic is a matter of universal notoriety and may be

judicially noted, as was requested by defendants at Special Term (see Fisch, Evidence, §§ 1051, 1053). No factual issue regarding alleged fraud has been raised on this record. There is no showing that at the time the agreement was entered into between plaintiffs and Nationwide that Nationwide intended to avoid fulfilling its obligations under that agreement. The fact remains that defendants did perform, but not fully. Further, plaintiffs in seeking rescission cannot restore to defendants the benefits they obtained under the agreement. Where there is an adequate remedy at law, rescission, as a general proposition, does not lie because it is not necessary to give complete relief (see *Schank v Schuchman,* 212 NY 352; 6 NY Jur, Cancellation of Instruments, § 3). Further, even assuming that some claim of fraud was maintainable by plaintiffs herein against Nationwide, in view of the fact that Capitol and Nationwide are separate entities, there is no basis for attributing the representations in the brochure of Nationwide to Capitol. There is no dispute that defendant Nationwide conveyed a substantial benefit on plaintiffs from part performance of its agreement with them. In this regard it is merely noted that "If there is not a substantial performance of a contract, but one party accepts the part performance made with full knowledge at the time that substantial performance cannot be made and receives substantial benefit from such part performance, an implied contract arises to pay the reasonable value of the part performance" (10 NY Jur, Contracts, § 336). The disclaimer of liability contained in Nationwide's brochure which was incorporated in the agreement between plaintiffs and Nationwide to the effect that Nationwide "shall not be responsible in any way for any delays, changes in departure time," while it may be viable regarding incidental delays and changes, is not a defense to delay of sufficient magnitude to vitiate the contract for the simple reason that such delay strikes at the heart of the performance bargained for under the agreement. The principal herein, Nationwide, assumed a specific duty by contract, to wit, to afford to plaintiffs a five days and four nights tour. Under the circumstances herein, Nationwide as principal might well be liable to plaintiffs for the failure of performance occasioned by the delays caused by the independent contractor Capitol (see *Dorkin v American Express Co.,* 74 Misc 2d 673, 675). No explanation is presented on this record by defendants relevant to the delays in air transportation experienced by plaintiffs regarding the return flight to New York. Thus a viable claim for breach of contract against Nationwide and Capitol respecting the delays encountered by plaintiffs in returning to New York remains. No basis for retaining defendant Stuart Graff as a party to this action is presented. In light of the absence of a viable fraud claim and as the breach of contract is based upon a contractual relationship with the corporate defendant, it cannot result in personal liability to Graff as officer or director (see *Dupack v Nationwide Leisure Corp.,* 70 AD2d 568). Accordingly, the order, Supreme Court, New York County, entered December 11, 1978, which, *inter alia,* denied plaintiffs' motion seeking class action certification pursuant to CPLR 902 and partial summary judgment on the issue of liability on the second cause of action against defendants Nationwide Leisure Corporation and Stuart Graff; granted defendants Nationwide Leisure Corporation and Stuart Graff's cross motion for summary judgment pursuant to CPLR 3212 dismissing the complaint as to them and granted defendant Capitol International Airways' cross motion for summary judgment to the extent of dismissing the first and third causes of action in the complaint as to it, should be modified, on the law, to the extent of denying the motion by defendant Nationwide Leisure Corporation for summary judgment dismiss-

ing the second cause of action as to it, and, as so modified, should be affirmed.