■ SAMUEL REIKEN et al., on Behalf of Themselves and All Others, Similarly Situated, Respondents, v NATIONWIDE LEISURE CORPORATION et al., Appellants, et al., Defendants.—Order of the Supreme Court, New York County, entered October 11, 1979, denying defendant's motion for a protective order, unanimously reversed, on the law and the facts and in the exercise of discretion, with costs and disbursements, and a protective order granted without prejudice to service of proper disclosure demands in accor-

dance with this memorandum. In this action for fraud, breach of contract and rescission, plaintiffs purport to be suing on behalf of themselves and "all others similarly situated," allegedly a total of approximately 10,000 persons, who participated in 43 separate charter tour vacations to London, England, during the period February 4, 1977 to November 24, 1977. In essence, plaintiffs claim that they and others were defrauded by defendant's "bait and switch" scheme, whereunder defendant, *inter alia,* touted superior-class hotels in its brochure but planned from the outset to lodge, and did in fact lodge, the tour participants in substantially inferior accommodations. Plaintiffs seek precertification disclosure concerning all 43 tours. Illustrative of plaintiffs' demands is the notice of discovery and inspection, which requests the following documents: "As regards the 43 charter tours which are the subject of this action; produce all 'tour participant contracts,' all 'charter flight manifests,' all 'One-Stop-Inclusive-Passenger-Name-Lists,' all 'itineraries' sent to persons who purchased space on the charter tours in issue in this action, all contracts between [defendant] and all hotels wherein accommodations were provided to persons who purchased the charter tours in issue; all brochures and solicitation materials utilized by [defendant] to sell the charter tours in issue; all letters from persons who purchased the charter tours in issue wherein complaints were made; and all correspondence from [defendant] to said persons regarding complaints made." In addition, plaintiffs' interrogatories specifically seek, *inter alia,* "the name and address of each person who purchased space on the charter tours in issue." Plaintiffs allege that the information sought is "proper data regarding the merits and data necessary to move for class action certification." Defendant contends that plaintiffs' demands are overbroad. Relying on *Dupack v Nationwide Leisure Corp.* (70 AD2d 568) and *Klakis v Nationwide Leisure Corp.* (73 AD2d 521), defendant argues that plaintiffs are seeking disclosure beyond that which is required to establish the elements necessary for class certification (CPLR 901). Defendant maintains that as plaintiffs participated in only one tour and lodged at one hotel, they will at most have standing to represent only those persons who were on that tour and stayed at that hotel *(Dupack v Nationwide Leisure Corp., supra)* and had complaints of which plaintiffs' complaints are typical *(Klakis v Nationwide Leisure Corp., supra).* Defendant asserts that prior to class certification plaintiffs are not entitled to "broad based and unrestricted discovery on the merits of their action." In *Dupack,* where plaintiff purported to represent the participants of 31 tours organized by defendant, we not only denied plaintiff the right to represent the participants of all 31 tours, but limited the class to those participants of plaintiff's tour who stayed at the same hotel as plaintiff. In *Klakis* we stated (p 522) that plaintiffs did not show, as required by CPLR 901 (subd 3) "that the complaints of the purported members are the same as, or typical of, those of the plaintiffs". Plaintiffs, on the other hand, noting that class actions are grounded in equity, urge that "this court should have no mercy whatever in aiding [defendant]" and to this end seek to have this court adopt the reasoning expressed in *Vallone v Delpark Equities* and *Berger v Nationwide Leisure Corp.* (95 Misc 2d 161). In that opinion (p 164), Special Term, guided by the principle that " '[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action' (CPLR 3101, subd [a])", held that precertification disclosure may address the merits of the action (see *Seligman v Guardian Life Ins. Co. of Amer.,* 59 AD2d 859; see, also, *Gottlieb v March Shipping Passenger Servs.,* 67 AD2d 879). We conclude that at this stage of the proceeding, defendant should only be required to respond to

disclosure demands which relate specifically to the accommodations, transportation and incidentals (discount books, dining vouchers, free memberships and the like), promised or afforded to the persons who traveled on the particular tour in which plaintiffs participated and on that tour lodged at the same hotel as plaintiffs. In seeking such disclosure, plaintiffs shall set forth sufficient information to enable defendant to identify the precise tour and hotel involved. In arriving at our conclusion we have taken into consideration that for the action to proceed as a class action, plaintiffs must demonstrate factually that they represent a genuine class *(Dupack v Nationwide Leisure Corp., supra)* and that there is merit to the action on behalf of such class (see *Seligman v Guardian Life Ins. Co. of Amer., supra;* see, also, *Gottlieb v March Shipping Passenger Servs., supra).* Plaintiffs may serve an amended discovery demand and amended interrogatories pursuant hereto. Concur—Murphy, P. J., Kupferman, Birns, Fein and Markewich, JJ.