JOSEPH BLOOM et al., Individually and on Behalf of Others Similarly Situated, Respondents, v CUNARD LINE, LTD., Appellant.

First Department, July 24, 1980

## APPEARANCES OF COUNSEL

*Michael J. Murphy* of counsel *(Stephen J. Crimmins* with him on the brief; *Lord, Day & Lord,* attorneys), for appellant.

*Harvey Goldstein* of counsel *(Fuchsberg & Fuchsberg,* attorneys), for respondents.

**OPINION OF THE COURT**

Fein, J. P.

Plaintiffs, nonresidents of the State of New York, sue on their own behalf and on behalf of other passengers aboard the Cunard liner *Princess* during a cruise from January 21 to January 28, 1978, for damages resulting from allegedly inferior service and accommodations aboard the ship and from a change in the itinerary during the cruise.

The cruise originated in Ft. Lauderdale, Florida, and was scheduled to stop in Puerto Plata in the Dominican Republic, San Juan, St. Thomas and Nassau, then returning to Ft. Lauderdale. Plaintiffs allege that the vessel was not fully operational when the cruise began because of an engine breakdown, and that passengers were not apprised that the vessel could not meet the scheduled itinerary. Defendant allegedly breached its duty to passengers in providing a vessel which lacked proper facilities and equipment so that the passengers suffered severe discomfort, inconvenience, lack of proper food and sanitation. Two ports of call, Puerto Plata and Nassau, were canceled. The ship reached San Juan so late in the evening that it was required to be docked at a deserted Navy pier without proper facilities for disembarking, and when the ship arrived at St. Thomas it was anchored in the harbor so that passengers had to be brought ashore by launch in crowded and uncomfortable conditions.

Defendant concedes that during the voyage the ship experienced problems in one engine, but the only consequence was operation at a lesser speed. The change in itinerary was due to late departure from Florida because of a delay in flight connections for passengers from New York, occasioned by a heavy snowstorm there. The cruise had approximately 700 passengers.

On January 30, 1978 plaintiffs filed two Federal court class actions, one in the Southern District of Florida and one in the Southern District of New York *(Bloom v Cunard Line,* US Dist Ct, SDNY, Oct. 4, 1978, Werker, J.). In both cases class certification was denied because of the failure of plaintiffs to move to certify the class within the time period provided by court rules. The present action was brought on December 20, 1978, on allegations similar to those in the Federal actions.

Subsequently, on January 19, 1979, plaintiffs and 43 others, totaling 45, brought a nonclass action in Supreme Court, New York County, entitled *Agosta v Cunard Line,* to recover damages premised upon the same grounds.

After issue had been joined by service of the answer, defendant moved for summary judgment dismissing or staying the action because of the pendency of the action in the Florida Federal court.

Plaintiffs cross-moved to certify this action as a class action, supported by an affidavit of counsel and letters of complaint to defendant from a travel agent on behalf of plaintiffs Bloom, and from other passengers, Mr. and Mrs. Rudick.

In opposition to the cross motion, defendant's senior vice-president's affidavit was submitted, admitting that the operational problem and the original delay caused by Cunard's waiting for the arrival of passengers from New York had forced cancellation of the two ports of call. The affidavit also asserted that settlement offers of various kinds were made to the passengers. Only 152 did not accept such offers as of November, 1978; 8 rejected the offers and the remaining 144 failed to communicate with Cunard. Moreover, only 86 of the 152 had even complained about the cruise. The affidavit further relied upon the provisions in Cunard's ticket, barring legal action unless written notice of claim was delivered to defendant within 40 days after termination of the voyage and suit was commenced within one year following that termination. The ticket conditions also reserved the right to deviate from the itinerary without notice to passengers.

In response, plaintiffs contended that the Florida action would be discontinued because of the denial of class certification, and that the *Agosta* action in Supreme Court was not a class action. Plaintiffs contended that the Florida action and the *Agosta* action were holding actions designed to avoid the one-year Statute of Limitations contained in the ticket.

Special Term denied the motion to dismiss, noting that the Florida action had been dismissed, and granted plaintiffs' motion for class action status, further directing that within 30 days defendant produce a list of the names and known addresses for all passengers aboard the vessel. Plaintiffs' attorneys were directed to mail the said passengers notice of commencement of the class action. Defendant has failed to comply with the direction to produce the passenger list.

Defendant moved for renewal of plaintiffs' motion or in the

alternative for decertification and for a stay pending disposition of the motion for discovery previously directed by the court. The affidavit of defendant's vice-president now asserted that plaintiffs could not represent the 621 passengers who had accepted Cunard's settlement, or six additional passengers who did not pay for the voyage. Defendant asserted that this left a maximum number in the class of 67, 16 of whom resided in foreign countries and none of whom resided in New York.

So far as now appears, the class of passengers who have not settled consists of 67 persons, none of whom are residents of New York except for 8 plaintiffs who are also plaintiffs in the *Agosta* action.

Special Term denied the motion to renew. On appeal, appellants claim that the requisites for class action do not exist.

We first consider the requisites of a class action. It is reasonably clear that at this juncture it cannot be determined whether "the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable" (CPLR 901, subd a, par 1). It is conceded that 45 members of the potential class have brought a nonclass action for the same relief, which hardly supports the contention that a class action is warranted because of numerosity. Moreover, it appears that the great bulk (all but eight) are nonresidents of the State of New York and some are residents of foreign countries. We have previously noted the "unsettled problem as to the extent to which the judgment of a New York State court in a pseudo class action * * * would bind nonresident passenger members of the class." *(Gottlieb v March Shipping Passenger Servs., Div. of March Shipping Corp.,* 67 AD2d 879, 880; *Tanzer v Turbodyne Corp.,* 68 AD2d 614; *Simon v Cunard Line,* 75 AD2d 283.)

At this juncture, plaintiff has failed to show the desirability of class action based upon numerosity. At a minimum, further disclosure is required to determine the putative members of the class and whether, if it appears the bulk are nonresidents, there is any basis for a class action here *(Simon v Cunard Line, supra).*

To the extent that the merits of the action may be considered in determining whether class action is appropriate, inquiry is limited to a determination as to whether on the surface there appears to be a cause of action for relief which is neither spurious nor sham *(Simon v Cunard Line, supra; Reikin v Nationwide Leisure Corp.,* 75 AD2d 551; cf. *Seligman*

*v Guardian Life Ins. Co. of Amer.,* 59 AD2d 859, mot for lv to app dsmd 44 NY2d 838; *Gottlieb v March Shipping Passenger Servs., Div. of March Shipping Corp., supra).* Sufficient is shown here to satisfy this requirement. The essence of the complaint is that defendant did not properly prepare the vessel prior to departure, and permitted the vessel to leave with knowledge of a mechanical deficiency without apprising the passengers of the problem or of the likelihood of deviation from the itinerary. Liability is also asserted for the inadequate and inferior service aboard the ship. Plainly there is an issue of whether the passengers received the charter contracted for, a common question of law and fact. That the damages to individual passengers might vary should not preclude class certification, at least insofar as liability is concerned *(Simon v Cunard Line, supra,* and cases cited therein).

Whatever the merits of the action, the *Agosta* action in Supreme Court, brought by the same attorney on behalf of the same plaintiffs and others, suggests that joinder of other parties is not impracticable, a requisite to class determination under CPLR 901 (subd a, pars 1, 5). Paragraph 5 requires a determination that "class action is superior to other available methods for the fair and efficient adjudication of the controversy." If 45 are properly joined in the *Agosta* action, no reason appears or is suggested why the remaining few who wish to pursue their remedies cannot join in that action and achieve a fair and efficient adjudication of the controversy. At best for plaintiffs, the record is palpably insufficient on which to base certification with respect to numerosity and superiority of class action as a remedy.

Moreover, CPLR 902 (subd 3) directs that in determining whether the action may proceed as a class action, the court shall consider "[t]he extent and nature of any litigation concerning the controversy already commenced by or against members of the class", and subdivision 4 directs the court to consider "[t]he desirability or undesirability of concentrating the litigation of the claim in the particular forum".

We have already noted the class actions in the Federal District Courts for the Southern District of New York and the Southern District of Florida and the pending action in Supreme Court. It is noted that in dismissing the Federal action in the Southern District of New York, Judge WERKER stated:

"In the instant case, the Court is inclined to transfer the instant litigation to the United States District Court for the

Southern District of Florida. Since the Florida court has already exercised jurisdiction over the suit filed in Florida by the Blooms, it is apparent that the Southern District of Florida is a district where the instant action could have been brought.

"Moreover, it would appear that transferring the action would serve the convenience of the parties and witnesses. The Blooms are residents of Florida, and their decision to bring an identical suit in Florida indicates that Florida is a convenient forum for them. While Cunard is a foreign corporation with its principal place of business in New York, it is clear it transacts business in Florida in that the cruise that gave rise to this controversy began and ended in Florida. In all likelihood, many of the passengers on that cruise and other persons who may be familiar with the conditions of the Princess at that time are Florida residents. Hence, evidentiary material and potential witnesses may be more readily available in Florida.

"Finally, it is clear that transferring this suit would serve the interests of justice in that multiplicity of litigation, duplication of effort, and the wasting of judicial time would be avoided thereby." *(Bloom v Cunard Line,* US Dist Ct, SDNY, Oct. 4, 1978, *supra.)*

We have noted that the action in the Southern District of Florida has been discontinued at plaintiffs' request in order to pursue this action. However, that is not dispositive. So far as appears, Florida would be the appropriate forum. No reason whatever appears why the action should proceed here. Certainly there has been no showing of the desirability of concentrating the litigation of these claims in this court. However, we do not resolve this issue at this juncture.

Discovery proceedings are necessary to determine the nature and size of the class. In conducting such proceedings, inquiry should be made as to whether nonresidents of the State are within the class sought to be protected. Discovery may well disclose that only a handful, if any, of New York potential class members are available who wish to participate. This has a bearing on the desirability of concentrating the action in this forum. Full consideration of these issues is more appropriate after completion of disclosure. Depending upon the facts developed, if the plaintiffs, after appropriate discovery, make further application for class certification, they are directed to address the constitutional issue on renewal of the

motion for class action status, as well as the issue of the desirability of concentrating the litigation in this forum. In the interim, the defendant shall furnish to the plaintiffs a list of passengers, as directed in the order appealed from.

The order, Supreme Court, New York County (WILLIAMS, J.), entered August 22, 1979, which granted plaintiffs' cross motion for class action certification and other relief, should be modified, on the law and the facts, and in the exercise of discretion to deny plaintiffs' motion for class action certification and relief incident thereto except for the first subparagraph of the third decretal paragraph, and otherwise affirmed, without costs and without prejudice to an appropriate showing, after deposition, of facts sufficient to warrant class action certification; and the appeal from the order, Supreme Court, New York County (WILLIAMS, J.), entered January 7, 1980, deemed a denial of a motion for reargument, is, as such, dismissed, without costs, that order being nonappealable.

SULLIVAN, SILVERMAN and CARRO, JJ., concur.

Order, Supreme Court, New York County, entered on August 22, 1979, modified, without costs and without disbursements, on the law and the facts, and in the exercise of discretion to deny plaintiffs' motion for class action certification and relief incident thereto except for the first subparagraph of the third decretal paragraph, and otherwise affirmed, without prejudice to an appropriate showing, after deposition, of facts sufficient to warrant class action certification; and the appeal from the order entered on January 7, 1980, is dismissed, without costs and without disbursements, that order being nonappealable.