■ HILLARY A. SPATZ et al., Respondents, v WIDE WORLD TRAVEL SERVICE, INC., Doing Business as GLOBE-TROTTERS, et al., Defendants, and SHERATON CORPORATION, Doing Business as SHERATON HOTELS AND INNS WORLDWIDE, Appellant. — Order, Supreme Court, New York County, entered November 20, 1979, denying the defendant Sheraton Corporation's cross motion for an order requiring further depositions of plaintiffs seeking to withdraw from the litigation without prejudice, or in the alternative for counsel fees, unanimously affirmed, without costs, on the condition that these plaintiffs not participate further as members of this class in this lawsuit. Order, Supreme Court, New York County, entered June 9, 1980, which, inter alia, stayed the defendant Sheraton Corporation's motion seeking to dismiss, on the ground of forum non conveniens, the second amended complaint, which stay was pending the completion of discovery by the plaintiff Robert Schiff concerning the residence of the class members represented by plaintiff, and which granted plaintiff Robert Schiff's cross motion seeking class action certification, unanimously modified, on the law and the facts, and the class action certification vacated without prejudice to renewal as to an appropriate class, if any, after completion of discovery, and otherwise affirmed, without costs. Appeal from order of Supreme Court, New York County, entered September 8, 1980, which denied defendant Sheraton Corporation's motion to reargue the prior order of June 9, 1980, dismissed as nonappealable, without costs. Some people brought an action against travel agents and an airline, etc., in connection with their arrangements to spend the Christmas 1977-New Year's 1978 holiday at the Sheraton Hotel in Santo Domingo. Except for Sheraton, all of the defendants are now out of the case for various reasons not here pertinent. The nub of the contention is the fact that the hotel, being newly constructed, was "unfit, unfurnished and incomplete for the purpose for which it was advertised". All the plaintiffs other than one Robert Schiff attempted to withdraw. They had refused on advice of counsel to answer certain questions which the defense considered vital and had been directed to answer, and this court affirmed (70 AD2d 835). The plaintiffs then moved to amend the complaint to allow all the plaintiffs, except for Robert Schiff, to withdraw without prejudice, and the motion was granted. Under the circumstances, it may be considered inappropriate for plaintiffs to seek to withdraw, see Dupack v Nationwide Leisure Corp. (70 AD2d 568, 570), unless it is on the basis that they will not participate further as members of the class. This, of course, reserves to them the right to proceed

individually if they be so advised. The class as denominated in the second amended complaint is deemed by the plaintiffs to consist of approximately 2,000 consumers who contracted for the purchase of hotel accommodations during the period December 26, 1977 through February 25, 1978, being the time during which the plaintiffs contend that the hotel was incomplete. It goes beyond a possible class of those who were contracting on the basis of information furnished about the nature and quality of the services that would be available. Further, there is a question of whether those involved for the Christmas-New Year's holiday should be classified with those who came afterwards. In any event, until such time as discovery has been completed in order to determine the nature and the size of the class, class action certification should not have been granted. (See *Simon v Cunard Line,* 75 AD2d 283; *Reiken v Nationwide Leisure Corp.,* 75 AD2d 551.) Concur — Kupferman, J. P., Birns, Sullivan, Markewich and Silverman, JJ.