*424 OPINION OF THE COURT
Sidney Leviss, J.
This is a motion for class certification (CPLR 902) by plaintiffs, part of a group of 77 persons with confirmed reservations who were denied passage on an airline flight because the defendant, Trans World Airlines (hereinafter TWA), sold tickets to more persons than it could accommodate. The three named plaintiffs, Nancy Mendelson, Mindy Schultz and Margaret Neiman, instituted this action individually and as a class action against TWA, alleging (1) fraudulent misrepresentation, (2) deceptive acts and false advertising under sections 349 and 350 of the General Business Law, (3) willful and knowing violation of section 349 of the General Business Law, (4) unjust discrimination under section 1374 (subd [b]) of title 49 of the United States Code and the rules and regulations of the Civil Aeronautics Board, (5) willful and wanton disregard for plaintiffs’ rights, (6) breach of warranty, and (7) prima facie tort. TWA has cross-moved pursuant to CPLR 3211 (subd [a], par 7) to dismiss the plaintiffs’ first through sixth causes of action for failure to state a cause of action.
This action stems from the common airline industry practice of overbooking flights. While the Civil Aeronautics Board (hereinafter CAB) permits airlines to overbook in recognition of the fact that overbooking benefits the public by allowing passengers maximum flexibility in securing, canceling and changing reservations without charge or penalty and that it benefits the airlines by reducing the chance of aircraft departure with empty seats, the practice of overbooking can result in some passengers being denied boarding (“bumping”). The possibility of being bumped on a given flight may be slight. However, it is not immaterial and can be highly important to the individual passenger whose vacation or business plans have been disrupted. In response to Nader v Allegheny Airlines (626 F2d 1031) and a series of public hearings on the subject, the CAB recognized that the practice of overbooking is an important factor which should be disclosed to ticket purchasers. The CAB promulgated 14 CFR 250.11, which requires airlines to post in their ticket offices and include with each ticket sold a notice that “Airline flights may be *425 overbooked, and there is a slight chance that a seat will not be available on a flight for which a person has a confirmed reservation.” Plaintiffs do not allege that TWA failed to comply with 14 CFR 250.11. Rather, they assert that the airline is required to disclose its overbooking policy in advertisements or in other ways and that the failure to do so constitutes fraudulent misrepresentation. No such duty exists and any argument that CAB regulations governing disclosure should be amended must be made to either the CAB or the Legislature. (US Code, tit 49, § 1324.)
Accordingly, plaintiffs’ first cause of action based on common-law fraudulent misrepresentation is dismissed for failure to state a cause of action. (CPLR 3211, subd [a], par 7; 3016, subd [b].)
Plaintiffs’ fifth cause of action alleging willful and wanton disregard for plaintiffs’ rights arising from the same misrepresentation asserted in their first cause of action and seeking punitive damages is dismissed for the same reasons as stated above. In addition, plaintiffs’ fifth cause of action is defective in that punitive damages may not be sought as a separate cause of action. (Weir Metro Ambu-Serv. v Turner, 57 NY2d 911; Trans-State Hay & Feed Corp. v Faberge, Inc., 35 NY2d 669.)
Plaintiffs’ second and third causes of action assert violations of sections 349 and 350 of the General Business Law. As TWA has fully complied with CAB regulations governing disclosure, no cause of action can be maintained under these sections. (General Business Law, § 349, subd [d]; § 350-c.)
As a sixth cause of action, plaintiffs allege breach of warranty. Plaintiffs cannot maintain that a confirmed reservation is a warranty of boarding where the ticket expressly states that a confirmed reservation holder may be denied passage. (See Nader v Allegheny Airlines, supra.)
A cause of action is discernible for unjust discrimination in violation of subdivision (b) of section 404 of the Federal Aviation Act (US Code, tit 49, § 1374, subd [b]). While the practice of overbooking, by itself, is not a per se violation of this section, an airline’s failure to honor the priority boarding rights of a passenger is actionable. (Nader v Allegheny Airlines, supra; Archibald v Pan Amer. World Airways, *426 460 F2d 14; Mahaney v Air France, 474 F Supp 532; Wills v Trans World Airlines, 200 F Supp 360.) Pursuant to 14 CFR 250.3, all airlines are required to file with the CAB priority rules for determining which passengers shall be denied boarding on an oversold flight. The rules must be designed to “ensure that the smallest practicable number of persons holding confirmed reserved space on that flight are denied boarding involuntarily.” (14 CFR 250.2a; see Levy v Eastern Airlines, 113 Misc 2d 847.) The priority boarding rules filed by TWA and approved by the CAB state that: “The order of being denied involuntarily will be: (a) Last confirmed passenger to check in at ticket lift position (the point at which the ticket coupon is lifted and retained by carrier); (b) Elderly passengers requiring special assistance; (c) Unaccompanied children under 12 years of age; (d) Physically handicapped persons.” Prior to invoking these rules, the airline is required to solicit “volunteers for denied boarding”. (14 CFR 250.2b [a].)
Here, plaintiffs allege that they had confirmed reserved seats and that they arrived at the boarding area well in advance of scheduled departure time. The pretrial testimony of plaintiff Mendelson indicates that TWA may have violated its priority boarding rules and given preference to passengers without confirmed reservations (“standbys”). The testimony also indicates that plaintiffs may have entered the “ticket lift” area at a time when seats were still available, but that TWA agents tore up their boarding passes and instructed them to wait until other passengers were boarded. Further, plaintiffs allege that TWA violated 14 CFR 250.2b in that it failed to solicit volunteers for denied boarding. Accordingly, TWA’s motion to dismiss plaintiffs’ fourth cause of action is denied. (See Rovello v Orofino Realty Co., 40 NY2d 633; Foley v D’Agostino, 21 AD2d 60.)
Finally, there is the issue of class certification. Plaintiffs seek certification on behalf of: (1) persons with confirmed reservations who were denied boarding on TWA flight No. 5 from Kennedy Airport on February 11,1982 (subclass A), (2) persons with confirmed reservations denied boarding on TWA flights originating in New York within the three-year period preceding the service of summons herein (sub *427 class B), and (3) persons with confirmed reservations denied boarding on TWA flights originating in the United States, other than New York, within the six-year period preceding the service of the summons herein (subclass C).
The fundamental issue in class certification is whether the group asserting class status is seeking to remedy a common legal grievance. (Friar v Vanguard Holding Corp., 78 AD2d 83.) The determination in each case rests upon whether the group is more bound together by a mutual interest in the settlement of common questions than it is divided by the individual member’s interest in matters peculiar to him. (See Mimnorm Realty Corp. v Sunrise Fed. Sav. & Loan Assn., 83 AD2d 936.) No mechanical test should be applied. Rather, the issue is “ ‘whether the use of a class action would “achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated” ’ ” (Friar v Vanguard, supra, p 97).
The inclusion of subclasses B and C would be inimical to the purposes of class certification and would cause this proceeding to “ ‘splinter into individual trials’ ” (Kleinberg vFrankel, 89 AD2d 556, 557; see Reis v Club Med, 81 AD2d 793; Dupack v Nationwide Leisure Corp., 70 AD2d 568; Wojciechowski v Republic Steel Corp., 67 AD2d 830). Issues of fact and law may vary greatly from flight to flight: reason for denied boarding, priority of persons actually boarded, Federal law and CAB regulations applicable at time of flight, TWA tariffs in effect at time of flight, choice of law as to nonresident plaintiffs, acceptance of denied boarding compensation, accommodation on another flight, commencement of individual suits, etc., almost ad infinitum. The only fact truly common to each passenger’s case in subclasses B and C is that all members of the proposed subclasses had, at some time, confirmed reservations on a TWA flight and were denied boarding. This case is clearly distinguishable from Mimnorm Realty Corp. v Sunrise Fed. Sav. & Loan Assn, (supra), in which the only issue to be determined was whether a fee charged by the defendant bank to all members of the proposed class was improper. The determination of this one legal issue would be dispositive in all cases. Here, the determination that TWA improperly denied boarding to class members on one flight is *428 not determinative of its liability with respect to class members on another flight.
In contrast to subclasses B and C, commonality of issues is clearly present with respect to subclass A. However, it cannot be determined at this juncture whether “the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable”. (CPLR 901, subd a, par 1; see Bloom u Cunard Line, 76 AD2d 237.) TWA has submitted various affidavits attesting that all passengers have settled their claims with the exception of the three plaintiffs named herein. At a minimum, further disclosure is required to determine the remaining class. (See Simon v Cunard Line, 75 AD2d 283.) It would be a waste of time and resources, for both this court and the litigants, to allow certification where the evidence strongly indicates that only three plaintiffs remain.
Accordingly, plaintiffs’ motion for class certification is denied without prejudice to make an appropriate application with respect to subclass A after discovery as to the size of the class. Defendant’s cross motion to dismiss plaintiffs’ first through sixth causes of action is denied with respect to plaintiffs’ fourth cause of action. The cross motion to dismiss is granted in all other respects.