Konstantynovska v Caring Professionals, Inc. (2023 NY Slip Op 01763)

Konstantynovska v Caring Professionals, Inc.

2023 NY Slip Op 01763

Decided on April 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2023

Before: Webber, J.P., Gesmer, Mendez, Shulman, JJ. 

Index No. 159883/16 Appeal No. 17636-17637 Case No. 2022-00368, 2022-04365 

[*1]Lyudmyla Konstantynovska et al., Respondents,
v
Caring Professionals, Inc., Appellant. 

Jackson Lewis P.C., Melville (Noel P. Tripp of counsel), for appellant.
Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for respondents.

Orders, Supreme Court, New York County (Shlomo Hagler, J.), entered January 14 and September 16, 2022, which, to the extent appealed from, granted plaintiffs' motion for class certification and approved the form and publication of notice of the class action, unanimously affirmed, with costs.
Supreme Court providently granted class certification, as plaintiffs submitted evidence that they worked with at least 40 other home health aides, and that defendant systematically paid them and the putative class members for only 13 hours of their 24-hour shifts, without providing them proper meal breaks or uninterrupted periods of sleep (see Andryeyeva v New York Health Care, Inc., 33 NY3d 152 [2019]). Plaintiffs also submitted affidavits, testimony, and payroll records showing that they and the putative class members were not paid the minimum wage, overtime wages, or other wage benefits due to defendant's policies (see Kurovskaya v Project O.H.R. [Office for Homecare Referral], Inc., 194 AD3d 612 [1st Dept 2021]). Claims of systemic wage violations, such as the ones presented here, are "particularly appropriate for class certification" (id. at 613, quoting Andryeyeva at 184; see also Lavrenyuk v Life Care Servs., Inc., 198 AD3d 569 [1st Dept 2021]; Guzman v Americare, Inc., 202 AD3d 504 [1st Dept 2022]).
Defendant's arguments disputing the merits of plaintiffs' claims are unavailing at this juncture, as the evidence is sufficient to show that their causes of action are "neither spurious nor sham" (Bloom v Cunard Line, 76 AD2d 237, 241 [1st Dept 1980]). The differing amounts of damages to which each individual class member may be entitled does not undermine commonality or weigh substantially against class certification (see Brown v Mahdessian, 206 AD3d 511, 512 [1st Dept 2022]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2023