## HUTCHINSON v. McCADDON et al.

(Supreme Court, Appellate Division, Second Department.   May 16, 1913.)

DISCOVERY (§ 51\*)—BOOKS AND PAPERS—INSPECTION.

 In an action to determine the validity of the probate of an alleged will, the complaint alleged on information and belief that the will was not executed in conformity to law, that testatrix had not sufficient capacity, and undue influence. Plaintiff filed an application for inspection of books and papers in the possession of the executors, but the petition and accompanying affidavits stated only conclusions based on information and belief, with no facts disclosing the source of plaintiff's information or the grounds of her belief; nor was there anything to show a reasonable probability that plaintiff could succeed in the action. No specific books, papers, or documents were mentioned as possessing materiality, which could be used on the trial for any important purpose, and the papers did not disclose any use which plaintiff intended to make of any information,

---

except a suggestion that it might be applied to some future application to the court. *Held*, that an order requiring discovery and inspection was erroneous.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 65; Dec. Dig. § 51.*]

Appeal from Special Term, Westchester County.

Action by Anna Isabelle Hutchinson against Joseph T. McCaddon and another, individually and as executors of the will of Ruth Louisa Bailey, deceased, and others. From part of an order granting discovery and inspection of books and papers in the hands of the executors, they appeal. Reversed, and motion denied.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

D. A. Holmes, of New York City (Charles P. Rogers, of New York City, on the brief), for appellants.

Arthur M. Johnson, of Mt. Vernon, for respondent.

RICH, J. This appeal is by the defendants Joseph T. and Theodore D. McCaddon, individually and as executors and trustees under the last will and testament of Ruth Louisa Bailey, deceased, and by the defendant Lillie Elizabeth Harper, from so much of an order as grants discovery and inspection of the books, papers, and documents of the estate of James A. Bailey, deceased (the husband of Ruth Louisa Bailey, deceased), all of the books, papers, and documents of said Ruth Louisa Bailey, deceased, and all the books, papers, and documents of said Joseph T. and Theodore D. McCaddon, as executors and trustees, together with an injunction restraining the executors pendente lite from making any disposition of the principal of the estate of their testator. This action is brought, under the provisions of section 2653a of the Code of Civil Procedure, to determine the validity of the probate of the alleged will of said Ruth Louisa Bailey.

The complaint alleges upon information and belief that the will was not executed in conformity with law, the mental incapacity of the testatrix, and undue influence. The petition and accompanying affidavits upon which this order was granted give conclusions, based upon information and belief, with no facts stated as the source of the information. Nowhere are any facts alleged tending to show a prima facie case, or even any reasonable probability that the plaintiff can succeed in the action. The only allegation in the petition that there are any books or documents in the hands of the executors and trustees is that the estate of the testatrix came to her largely from her deceased husband, and this averment is upon information and belief. No specific books, papers, or documents are specified as possessing any materiality, which could be used upon the trial of the action for any important purpose. The moving papers do not disclose any use which the plaintiff intends to make of any information she may acquire on a discovery, except a suggestion that it may be applied to some future application to the court, the nature of which is not disclosed. It is

not pretended that the executors have made any improper disposition of the property which came into their hands, or that they are likely to do so. The moving papers fail to show a proper case for so much of the order as is appealed from. It was improperly made, and must be reversed.

Order, in so far as appealed from, reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.