MERCHANTS INDEMNITY CORPORATION OF NEW YORK, Appellant, v. PATRICK H. WALLACK, by His Guardian ad Litem, CATHERINE D. WALLACK; et al., Respondents.—

The complaint alleges that the policy was issued to defendant Smith for a period of one year commencing April 5, 1956, in reliance upon false representations made by her to plaintiff. Section 149 of the Insurance Law provides: (1) that no misrepresentation shall avoid any contract of insurance or defeat recovery unless such misrepresentation was material; and (2) that in determining the question of materiality, evidence of the practice of the insurer which made such contract with respect to similar risks shall be admissible. Applications for similar policies and the action of plaintiff thereon at the time of the issuance of the policy in suit are therefore admissible. In our opinion, the learned Special Term acted within its discretion in permitting a discovery (under item [b]) of such policies during the period of one year preceding the issuance of the policy. However, policies issued upon applications made after that date do not relate to the merits of the action, and are inadmissible. Consequently, the Special Term was without power to grant a discovery and inspection of such policies or the applications therefor (cf. Civ. Prac. Act, § 324; Rules Civ. Prac., rule 140). The hardship imposed on plaintiff by the requirement that the policies issued during the year preceding the issuance of the policies be made available for inspection may be alleviated by the Referee who is to supervise the discovery; he may determine when and where and the manner in which the discovery shall proceed (see Rules Civ. Prac., rule 142). With respect to item (c), it does not appear that plaintiff's claim file contains any paper or document which would be admissible in evidence. That file, therefore, is not subject to inspection (cf. *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24, 29). Without a more precise description of the documents which are to be inspected, plaintiff may not be required to produce " All other books, records, or other documents ", as provided in item (d) (cf. *Hutchinson* v. *McCaddon*, 157 App. Div. 228). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.