■ RITA DUNN et al., Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent.—In an action to recover damages for the alleged violation of established billing procedures and the wrongful termination of electric service, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated November 8, 1978, which denied their motion for permission to maintain this action as a class action pursuant to CPLR article 9. Order affirmed, without costs or disbursements. Plaintiffs are granted leave to renew the motion upon completion of discovery proceedings and the matter is remitted to Special Term for further proceedings in accordance herewith. This action was brought by the plaintiffs on behalf of themselves and those customers of the defendant, Consolidated Edison Company of New York, Inc. (Con Ed), residing within the Counties of New York, Kings, Queens, Richmond, Bronx and Westchester, who, it is alleged, complained to Con Ed and/or to the Public Service Commission (PSC) of the State of New York of an error in billing, and who, thereafter, during the pendency of the investigation of such complaints, and prior to the resolution of such disputes, (a) received a threat of termination of electric service or (b) had their electric service terminated by Con Ed. By a prior determination of this court (Dunn v Consolidated Edison Co. of N. Y., 63 AD2d 976), it was held, inter alia, that the complaint was sufficient to state a cause of action insofar as it sought to recover compensatory damages. The court at that time did not pass on the question of whether a class action would be appropriate. Special Term denied plaintiffs' motion to maintain this action as a class action upon the grounds that the plaintiffs have not established that the defendant's dealings with them have "been duplicated such that a class of potential plaintiffs exist", nor that, "as in the case of the plaintiffs", the defendant has "surreptitiously terminated [the electric] service" of others, nor that a class of persons exist "who have actually been damaged by such activity on defendant's part." Special Term also determined that, even if it be assumed that such class existed, there is "no showing of numerosity" and, further, that if numerosity be assumed, "it would appear highly undesirable * * * to concentrate litigation in this forum since the class certification sought would encompass customers of defendant in the entire Con Ed service area". Inasmuch as under the present posture of this matter, there has been no precertification showing of numerosity of a class and impracticability of joinder within the meaning of CPLR 901 (subd a, par 1), the order herein is affirmed with leave to renew the plaintiffs' application for certification of this action as a class action after discovery proceedings (see Dupack v Nationwide Leisure Corp., 70 AD2d 568, Dupack v Nationwide Leisure Corp., 73 AD2d 903; Klakis v Nationwide Leisure Corp., 73 AD2d 521; see, also, Matter of Knapp v Michaux, 55 AD2d 1025). The matter is therefore remitted to Special Term where the plaintiffs shall conduct discovery proceedings under the supervision of the court, at such time and place as it may direct, to ascertain from the defendant the names and addresses of all of its customers within the County of Westchester

whose electric service was terminated between the years 1973 and 1976 by the defendant, during the pendency of investigation of complaints by the PSC concerning the defendant's billings and prior to the resolution of the same. Such discovery proceedings shall be conducted at the expense of the plaintiffs and the scope of the class in this action shall be limited to the defendant's customers situated in Westchester County as requested by plaintiffs' counsel on the argument of this appeal. If plaintiffs seek discovery and inspection of the same matter from the PSC they may undertake such appropriate proceedings as they deem necessary under the circumstances. Hopkins, J. P., Titone, Lazer and Gibbons, JJ., concur.