■ HARRY GEWANTER, on Behalf of Himself and All Others Similarly Situated, Respondent-Appellant, v QUAKER STATE OIL REFINING CORP., Appellant-Respondent. — Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: The paramount issue on this appeal is whether the identity of persons who are claimed by plaintiff to comprise the class which he seeks to represent is discoverable prior to class certification. In this action for damages, statutory penalties and equitable relief which is grounded on breach of contract, fraud and deceit, plaintiff alleges that he is a member of a class of persons with whom the defendant Quaker State Oil Refining Corp. has made a contract entitled, "Lubrication Warranty For New Vehicle Engines". We hold that Special Term erred in ordering defendant to provide the names and addresses of each person issued the warranty following their purchase of an automobile from specified New York automobile dealers. While we recognize the availability of the use of disclosure devices to discover the nature of the class sought to be represented and the number and identity of its members, the use of preclass certification disclosure should be limited to ascertaining only those facts which are necessary to support an application for class status (see *Smith v Atlas Int. Tours,* 80 AD2d 762; *Dunn v Consolidated Edison Co. of N. Y.,* 74 AD2d 816; *Dupack v Nationwide Leisure Corp.,* 70 AD2d 568). Here there is no need for disclosure of

the identity of each person issued warranties after buying cars from the designated dealers. The essence of the breach of contract cause of action is that defendant has wrongfully refused to honor claims made under the warranty. Disclosure of the names and addresses of the persons who have made claims under the warranty and had them denied would, therefore, satisfy plaintiff's need to define his proposed class. Defendant has provided plaintiff with information concerning the amount and nature of each claim made and paid, and the reasons for the denial of each claim made under the warranty. Plaintiff did not seek the identity of those persons who may share plaintiff's grievance. The other causes of action have as their root the claim that defendant's warranty is a sham and that all warranty holders have been defrauded and deceived whether they know it or not. Defendant revealed in answer to other interrogatories that approximately 54,000 warranties have been issued in New York State. If plaintiff's allegations are to be believed, each one of these people has been defrauded and deceived by the defendant in the manner in which plaintiff alleges in his complaint. Plaintiff, therefore, requires no further identifying information to support his motion for class certification in the fraud and deceit causes of action (see CPLR 902). The other issues raised by plaintiff have been considered and rejected. (Appeals from order of Supreme Court, Monroe County, Siracuse, J. — discovery.) Present — Dillon, P. J., Denman, Boomer, Moule and Schnepp, JJ., concur.