■ Stephen T. Mangiaracina, Respondent, v New York Telephone Company, Appellant. — In an action to recover damages for breach of contract, fraud and age discrimination in employment, defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated September 6, 1983, which granted reargument of plaintiff's motion to compel answers to certain interrogatories, and amended its original determination denying the motion so as to provide that the motion was granted to the extent that defendant was directed to answer certain interrogatories.

Order modified, by deleting the provision thereof directing that defendant answer interrogatories numbered 7 and 10 and substituting therefor a provision directing defendant to provide plaintiff with (1) the names and addresses of all employees who participated in the defendant's employee development program and who are attorneys but do not work in defendant's legal department, and (2) information as to which of those persons applied for positions as attorneys in defendant's legal department. As so modified, order affirmed, without costs or disbursements.

Plaintiff, an employee of the defendant New York Telephone Company, participated in the company's employee development program and attended law school at night. Upon his graduation from law school his application for employment as an attorney in defendant's legal department was rejected. In this action, plaintiff asserts that the company breached an express or implied promise to use good faith efforts in placing him in its legal department, that defendant's employees fraudulently misrepresented that plaintiff would be hired as an attorney by the legal department after his graduation, and that defendant discriminated against him on the basis of age. The parties now dispute the relevance of certain interrogatories served by the plaintiff upon the defendant. Specifically, interrogatory numbered 7 sought the names and addresses of all employees of the defendant who are attorneys but who are not employed in defendant's legal department and any of those persons who requested a position as attorney in that department. Interrogatory numbered 10 sought the names and addresses of persons hired as attorneys in defendant's legal department since 1975, and any of those persons who had been transferred from other departments. Special Term directed defendant to answer these questions.

An examination of the complaint demonstrates that interrogatory numbered 7 has some relevance to proving plaintiff's cause of action sounding in fraud. Where intent is in issue, evidence of other similar acts is admissible to negate the existence of an innocent state of mind (*Matter of Brandon,* 55 NY2d 206; *People v Molineux,* 168 NY 264). This is especially true in cases where fraud is alleged, because a fraudulent intent can rarely be established by direct evidence (*Matter of Brandon, supra;* Richardson, Evidence [Prince, 10th ed], § 184). However, similar acts of fraud in the past, if any, relate only to those persons participating in the company's employee development program. Under the circumstances, and in the interest of judicial economy, interrogatory numbered 7 has been limited accordingly (see *Smith v Atlas Int. Tours,* 80 AD2d 762). We fail to

see the relevance of the information requested in interrogatory numbered 10 to any of plaintiff's causes of action. Titone, J. P., Lazer, Bracken and Boyers, JJ., concur.