◼ Cosmo Sagristano, on Behalf of Himself and All Others Similarly Situated, Appellant, v Equitable Life Assurance Society of the United States, Respondent.—In a class action pursuant to CPLR article 9 to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated July 24, 1985, which granted the defendant insurer's motion for a protective order to the extent of striking item No. 3 of the plaintiff's notice for discovery and inspection and limiting disclosure as to the remaining items to policyholders in New York State whose insurance policies were amended without notice so as to reduce coverage for nursing services from 80% to 50%.

Ordered that the order is affirmed, with costs.

The essence of the plaintiff's grievance concerns the allega-

tion that his nursing services coverage was reduced from 80% to 50% without notice to himself or persons similarly situated. The plaintiff thereafter served a notice for discovery and inspection seeking discovery of virtually every claim-related complaint which the defendant received between the interval 1979 and 1985 based on the failure of the defendant to make payment for health services. Said request is patently over-broad inasmuch as it seeks documents relating to other reasons for the defendant insurer's failure to make payment for health care services besides the arbitrary reduction of a policyholder's private-duty nursing-care benefits. Clearly, much of the information sought in the plaintiff's notice for discovery and inspection is irrelevant to determine the prerequisites to class certification pursuant to CPLR 901 or to assess the feasibility considerations set forth in CPLR 902. The plaintiff is not entitled to discovery of files which do not relate to his particular type of grievance. Accordingly, the steps taken by Special Term to limit discovery were entirely proper (see, Chimenti v American Express Co., 97 AD2d 351, 352, appeal dismissed 61 NY2d 669; Smith v Atlas Intl. Tours, 80 AD2d 762).

Moreover, the plaintiff's assertion of the law of the case doctrine is inapposite inasmuch as the May 9, 1985 order of Justice Doyle merely extended the time in which the plaintiff could move for class certification to a period 30 days from the completion of the requested discovery. The order should not be read to preclude the defendant from the proper exercise of its right to move for a protective order. Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.