■ LYN H. HILL, Individually and as Administratrix of the Estate of WILLIAM H. HILL, JR., Deceased, Appellant, v TROY SAVINGS BANK et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Dier, J.), entered June 14, 1991 in Warren County, which granted defendants' motion for a protective order.

Plaintiff is the beneficiary of a life insurance contract in which defendant Troy Savings Bank agreed to pay the sum of $75,000 upon the death of decedent. Within two years of the issuance of the policy, decedent died and plaintiff thereafter made a claim for the life insurance policy proceeds. When

that claim was rejected, plaintiff commenced this action against defendants alleging breach of contract. In their amended answer, defendants denied breaching the contract and asserted as an affirmative defense that decedent had made a material misrepresentation on his application with regard to his medical history. Specifically, defendants alleged that decedent falsely represented that he had never been treated for high blood pressure.

Following various discovery, including examinations before trial, plaintiff served a supplemental demand for documents requesting essentially all records pertaining to the claims made on behalf of insureds who died within the two-year contestability period which were reviewed by the claims committee of defendant Savings Bank Life Insurance Fund (hereinafter SBLIF) between July 1988 and July 1989. Defendants objected to the demand and moved for a protective order. Supreme Court granted the motion and this appeal ensued.

There should be an affirmance. Initially, plaintiff correctly argues that defendants' first affirmative defense placed in issue the materiality of decedent's alleged misrepresentation and that, under Insurance Law § 3105 (c), evidence of an insurer's practice "with respect to the acceptance or rejection of similar risks" is relevant and admissible in determining materiality (see, Merchants Indem. Corp. v Wallack, 14 AD2d 777). However, plaintiff's contention that the documents sought are necessary to establish "defendants' past general practice of rejecting or accepting similar risks" is unpersuasive. From a reading of the supplemental demand, it is clear that it relates to the disposition by SBLIF of contestable death claims made during a specified period, rather than the practice of accepting or rejecting applications presenting risks similar to that which would have been presented by decedent's application had the facts allegedly misrepresented been completely and truthfully disclosed (see, Insurance Law § 3105 [b], [c]). Because the pertinent inquiry is whether defendants, had they known all of the facts concerning decedent's medical history, would have accepted the risk in the first instance (see, Process Plants Corp. v Beneficial Natl. Life Ins. Co., 53 AD2d 214, 216-217, affd 42 NY2d 928), it is the application review process and not the claims review process of defendants which is relevant in this case. Accordingly, it is our view that the material sought by plaintiff is irrelevant and, therefore, not subject to discovery (see, CPLR 3101 [a]; Sagristano v Equitable Life Assur. Socy., 126 AD2d 541, 542; Mavroudis v State Wide Ins. Co., 102 AD2d 864).

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.