■ TOWER BUILDING RESTORATION, Plaintiff, v 20 EAST 9TH STREET APARTMENT CORP., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. IVAN BRICE, Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And a Fourth-Party Action.) [736 NYS2d 24] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about September 26, 2001, which, inter alia, granted the motion of third-party plaintiff to quash a subpoena directed to its expert witness, vacated third-party defendant's demand to inspect the subject premises, narrowed the scope of third-party defendant's second set of interrogatories and denied third-party defendant's cross motion to preclude third-party plaintiff's expert from testifying at trial, unanimously affirmed, with costs.

In this third-party action for architectural malpractice, the motion court properly refused third-party defendant's demand, made for the first time on or about the date the note of issue was due to be filed, to preclude third-party plaintiff's expert from testifying at trial. While the fact that third-party defendant's counsel is the expert's regular litigation counsel may create a conflict of interest for defense counsel, defense counsel's admission at oral argument that it has known for years that someone from the expert's firm was working as an expert for third-party plaintiff precludes it from asserting the conflict at this late date as a basis for preclusion of the expert's testimony.

Third-party defendant's appeal of the motion court's quashing of his subpoena to depose the expert and denial of his demands for various documents is without merit. The court's order merely deferred defendant's discovery requests until after the parties exchanged CPLR 3101 (d) statements, and defendant failed to show how such deferral prejudiced him. Under the circumstances, we perceive no basis to conclude that the

motion court improvidently exercised its broad discretion in discovery-related matters (*see*, *Green v City of New York*, 281 AD2d 193) by deferring the discovery sought by third-party defendant, including his demand to inspect the subject premises.

The motion court's narrowing of the scope of third-party defendant's second set of interrogatories to address only those terraces on the third-party plaintiff's premises on which repair work had been done was also proper. Since the motion court ruled that any attempt by third-party plaintiff to recover damages for apartments not covered by the limited interrogatory responses would require an amendment to the pleadings, third-party defendant has not been prejudiced by the limitation. Concur—Nardelli, J.P., Williams, Saxe, Wallach and Friedman, JJ.