■ LEONDIS RIFE et al., Appellants, v THE BARNES FIRM, P.C., Formerly Known as CELLINO & BARNES, Respondent. [852 NYS2d 551]—

Appeal from an order of the Supreme Court, Monroe County (David D. Egan, J.), entered November 29, 2006 in a breach of contract action. The order denied plaintiffs' motions for class certification and for partial summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this breach of contract action on their own behalf and on behalf of a purported class of personal injury plaintiffs seeking to recoup certain expenses and disbursements that they allegedly were improperly charged when defendant law firm closed their files. Supreme Court properly denied plaintiffs' motions for class certification and for partial summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.

Addressing first plaintiffs' motion for class certification, we note that a class action may be maintained in New York only after the five prerequisites set forth in CPLR 901 (a) have been met, i.e., the class is so numerous that joinder of all members is impracticable, common questions of law or fact predominate over questions affecting only individual members, the claims or defenses of the representative parties are typical of the class as a whole, the representative parties will fairly and adequately protect the interests of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy (*see Ackerman v Price Waterhouse*, 252 AD2d 179, 191 [1998]). "Once these prerequisites are satisfied, the court must consider the factors set out in CPLR 902, to wit, the possible interest of class members in maintaining separate actions and the feasibility thereof, the existence of pending litigation regarding the same controversy, the desirability of the proposed class forum and the difficulties likely to be encountered in the management of a class action" (*id.*). The party or parties seeking class certification have the burden of establishing compliance with every requirement of both CPLR 901 and 902, and the determination whether to certify a class is "vested in the sound discretion of the court" (*Askey v Occidental Chem. Corp.*, 102 AD2d 130, 137 [1984]). Moreover, "a class action

may not be maintained where the wrongs asserted are individual to the different persons involved and each of the persons aggrieved may determine . . . the remedy which he [or she] will seek and may be subject to a defense not available against others" (*Gaynor v Rockefeller*, 15 NY2d 120, 129 [internal quotation marks omitted]). " 'Separate wrongs to separate persons, though committed by similar means and even pursuant to a single plan' . . . 'do not alone create a common or general interest in those who are wronged' " (*id.*, quoting *Society Milion Athena, Inc. v National Bank of Greece*, 281 NY 282, 292 [1939]).

Here, we conclude that plaintiffs failed to establish that all of the prerequisites of CPLR 901 have been met. We note in particular that plaintiffs failed to establish that the claims of the representative parties or the defenses available against them are typical of the class as a whole. The record establishes that, one month after commencing this action, plaintiff Leondis Rife executed a statement in the context of settling his personal injury action wherein he "agree[d] to the disbursement of the funds set forth above," which included the disbursements to defendant. Plaintiff Virginia Goins-Henry, however, did not remit payment for the expenses she now claims as damages against defendant, and defendant contends that other expenses are also owed. Thus, the defenses available to defendant for the representative plaintiffs are varied and individualized, as are the claims of those two plaintiffs.

Moreover, plaintiffs wholly failed to address the factors set forth in CPLR 902. One of those factors, the existence of pending litigation concerning the same controversy, was particularly relevant inasmuch as, while plaintiffs' motion for class certification was pending, there was litigation pending concerning expenses charged to one of defendant's other former clients. That litigation had progressed to the point that an evidentiary hearing had been ordered by Supreme Court to determine the disbursements owed in that matter. The existence of pending litigation on the same issues is relevant to another factor in CPLR 902, the feasibility of maintaining separate actions, because the pending litigation demonstrates that separate actions are indeed feasible. We note in addition that each member of the purported class was advised in his or her retainer agreement with defendant that he or she had "the right to arbitrate any fee dispute under the New York State Fee Dispute Resolution Program." Disputes over disbursements are easily resolved in that forum for little cost or no cost, and thus arbitration is a separate available alternative forum for the purported class members. We thus conclude that the court properly denied

plaintiffs' motion for class certification based on plaintiffs' failure to comply with CPLR 901 and 902.

We conclude on the merits that the court properly denied plaintiffs' motion for partial summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint. The record establishes that Rife retained defendant to prosecute a personal injury action on his behalf and that he thereafter discharged defendant and hired another attorney who settled the action. According to Rife, he was "overcharged" by defendant for items that he believed should not be treated as litigation expenses because they were merely defendant's office overhead expenses. As previously noted herein, however, Rife executed a statement in the context of that settlement wherein he agreed to the disbursement of the funds that included the payment of the disputed disbursements to defendant. Rife thereby relinquished his claim asserted in this action against defendant by voluntarily agreeing to remit payment of the disbursements to defendant, and the court therefore properly granted that part of defendant's motion for summary judgment dismissing the complaint with respect to Rife.

With respect to the remaining plaintiff, the record establishes that she retained defendant to prosecute two personal injury matters. Also according to Goins-Henry, defendant sought payment of litigation expenses that in her view were in the nature of office overhead expenses. Goins-Henry alleged that, in one of the matters, $63.64 in expenses were improperly charged and paid and that, in the other matter, she disputed the amount of $289.48 for disbursements charged by defendant. Pursuant to Rules of the Appellate Division, Fourth Department (22 NYCRR) § 1022.31 (c), the contingent fee in a personal injury action is a "percentage [that] shall be computed on the net sum recovered after deducting from the amount recovered expenses and disbursements for expert testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action." The retainer agreement between Goins-Henry and defendant stated that "[a]ttorneys' fees are to be . . . calculated after expenses associated with prosecuting the case have been deducted from the gross settlement or award." Here, the court properly granted that part of defendant's motion with respect to Goins-Henry inasmuch as defendant established that the disputed expenses were reasonable and related directly to the prosecution of the personal injury matters of Goins-Henry, and she failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Martoche, Centra, Fahey and Gorski, JJ.