■ Lawrence Wander et al., Plaintiffs, v St. John's University, Appellant, and Midlantic Association of Not For Profit Organizations, Inc., Respondent, et al., Defendants. [888 NYS2d 412]—In an action to recover damages, inter alia, for age discrimination, the defendant/counterclaim-plaintiff St. John's University appeals from (1) a decision of the Supreme Court,

Kings County (Knipel, J.), dated September 8, 2008, and (2) an order of the same court dated January 12, 2009, which, upon the decision, granted the motion of the counterclaim-defendant Midlantic Association of Not For Profit Organizations, Inc., to quash or limit three subpoenas duces tecum served upon two nonparty financial institutions.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the counterclaim-defendant respondent.

"While it is true that CPLR 3101 (a) provides for 'full disclosure of all matter material and necessary in the prosecution or defense of an action,' it is also true that unlimited disclosure is not permitted" (*Silcox v City of New York*, 233 AD2d 494 [1996], quoting CPLR 3101 [a]). Whether a discovery demand is appropriate is a matter addressed to the sound discretion of the trial court (*see Young v Tierney*, 271 AD2d 603 [2000]). Our review of the trial court's exercise of that discretion is not limited to whether that court abused its discretion as a matter of law (*see Brady v Ottaway Newspapers*, 63 NY2d 1031, 1032-1033 [1984]), but encompasses the broader issue of whether it improvidently exercised that discretion (*see Hauzinger v Hauzinger*, 43 AD3d 1289, 1290 [2007], *affd* 10 NY3d 923 [2008]; *Samide v Roman Catholic Diocese of Brooklyn*, 16 AD3d 482, 483 [2005]; *Tower Bldg. Restoration v 20 E. 9th St. Apt. Corp.*, 290 AD2d 275, 275-276 [2002]; *Vogel v Benwil Indus.*, 267 AD2d 230, 231-232 [1999]; *Longwood Assoc. v A.J. Apparel*, 249 AD2d 453 [1998]). Here, given the circumstances, we find that the trial court did not improvidently exercise its discretion in granting the motion to quash or limit the contested subpoenas duces tecum at this stage of the proceedings. Fisher, J.P., Florio, Eng and Roman, JJ., concur.