■ DAVID RODRIGUEZ, Respondent, v METROPOLITAN CABLE COMMUNICATIONS, Appellant, and TIME WARNER CABLE OF NEW YORK CITY, Respondent. [913 NYS2d 292]—

In a putative class action to recover damages for violations of Labor Law article 19, the defendant Metropolitan Cable Com-

munications appeals from an order of the Supreme Court, Queens County (Lebowitz, J.), dated February 25, 2010, which denied its motion for a protective order striking certain interrogatories and document requests.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the motion of the defendant Metropolitan Cable Communications which was for a protective order striking document request number 5 from the plaintiff's second request for the production of documents and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendant Metropolitan Cable Communications which was to strike interrogatory number 1 from the plaintiff's second set of interrogatories, and substituting therefor a provision granting that branch of the motion to the extent of deleting from that interrogatory the language, "or any position with similar duties and responsibilities as technician supervisors"; as so modified, the order is affirmed, without costs or disbursements.

CPLR 3101 (a) broadly mandates "full disclosure of all matter material and necessary in the prosecution or defense of an action." The appropriateness of a discovery demand is a matter addressed to the sound discretion of the trial court (*see Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 747 [2000]; *Wander v St. John's Univ.*, 67 AD3d 904, 905 [2009]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]), and absent an improvident exercise of discretion, this Court generally will uphold a trial court's discovery determination (*see Wander v St. John's Univ.*, 67 AD3d at 905; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]; *see also Andon v 302-304 Mott St. Assoc.*, 94 NY2d at 747).

While class certification is an issue that should be determined promptly (*see* CPLR 902), a trial court has discretion to extend the deadline upon good cause shown (*see* CPLR 2004; *Argento v Wal-Mart Stores, Inc.*, 66 AD3d 930 [2009]), such as the plaintiff's need to conduct preclass certification discovery to determine whether the prerequisites of a class action set forth in CPLR 901 (a) may be satisfied (*see Fortune Limousine Serv., Inc. v Nextel Communications*, 35 AD3d 350, 352 [2006]; *Dunn v Consolidated Edison Co. of N.Y.*, 74 AD2d 816, 816-817 [1980]; *Galdamez v Biordi Constr. Corp.*, 50 AD3d 357, 358 [2008]; *see generally Stern v Carter*, 82 AD2d 321 [1981]). "The purpose of preclass certification discovery is to ascertain the dimensions of the group of individuals who share plaintiff's grievance" (*Smith*

*v Atlas Intl. Tours*, 80 AD2d 762, 764 [1981]; *see Gewanter v Quaker State Oil Ref. Corp.*, 87 AD2d 970 [1982]).

Here, the Supreme Court providently exercised its discretion in denying those branches of the motion of the defendant Metropolitan Cable Communications (hereinafter Metro) which were for a protective order striking interrogatories 10 and 11 from the plaintiff's second set of interrogatories served upon Metro and document requests 1, 2, 3, 6, 7, 12, and 16 from the plaintiff's second request for the production of documents served upon Metro, as those discovery demands were appropriate in the pre-certification stage of this putative class action (*see Wander v St. John's Univ.*, 67 AD3d at 905; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]; *Gewanter v Quaker State Oil Ref. Corp.*, 87 AD2d 970 [1982]; *Smith v Atlas Intl. Tours*, 80 AD2d at 764).

However, to the extent that interrogatory number 1 in the plaintiff's second set of interrogatories served upon Metro seeks information related to individuals who are outside the proposed class defined in the complaint, it is improper to require Metro to respond at this juncture since such information cannot assist the plaintiff in "ascertain[ing] the dimensions of the group of individuals who share plaintiff's grievance" (*Smith v Atlas Intl. Tours*, 80 AD2d at 764; *cf. Gewanter v Quaker State Oil Ref. Corp.*, 87 AD2d 970 [1982]). As we find the remaining portion of interrogatory 1 to be proper, we grant that branch of Metro's motion which was to strike this interrogatory only to the extent of deleting from it the language "or any position with similar duties and responsibilities as technician supervisors" (*cf. Bell v Cobble Hill Health Ctr., Inc.*, 22 AD3d 620, 621 [2005]). Similarly, the Supreme Court should have granted that branch of Metro's motion which was for a protective order striking document request number 5 from the plaintiff's second request for the production of documents served upon Metro, as it is overbroad in seeking documents regarding Metro employees generally, not merely those who might fall within the proposed class defined in the complaint (*cf. Gewanter v Quaker State Oil Ref. Corp.*, 87 AD2d 970 [1982]; *Smith v Atlas Intl. Tours*, 80 AD2d at 764). Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.