■ FREDDIE CHAVARRIA et al., Respondents, v CREST HOLLOW COUNTRY CLUB AT WOODBURY, INC., et al., Appellants. [970 NYS2d 884]—

In a putative class action to recover damages for violations of Labor Law § 196-d, the defendants appeal from an order of the Supreme Court, Nassau County (DeStefano, J.), dated July 2, 2012, which granted the plaintiffs' motion pursuant to CPLR 2004 to extend the time fixed by CPLR 902 to move for class action certification.

Ordered that the order is affirmed, with costs.

"While class certification is an issue that should be determined promptly (see CPLR 902), a trial court has discretion to extend the deadline upon good cause shown" (Rodriguez v Metropolitan Cable Communications, 79 AD3d 841, 842 [2010]; see CPLR 2004; Argento v Wal-Mart Stores, Inc., 66 AD3d 930 [2009]), such as the plaintiff's need to conduct class certification discovery to determine whether the prerequisites of a class action set forth in CPLR 901 (a) may be satisfied (see Rodriguez v Metropolitan Cable Communications, 79 AD3d at 842). Here, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion pursuant to CPLR 2004 to extend the 60-day time period fixed by CPLR 902 to move for class certification based on the plaintiffs' need to conduct class certification discovery.

The defendants' remaining contention is not properly before this Court. Balkin, J.P., Hall, Lott and Sgroi, JJ., concur.