# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1340**
**CA 15-00297**
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

MARY DELUCA, INDIVIDUALLY, AND AS
CLASS REPRESENTATIVE, ET AL.,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

TONAWANDA COKE CORPORATION, ESTATE OF
J.D. CRANE, DECEASED,
MARK KAMHOLZ, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

HODGSON RUSS LLP, BUFFALO (HUGH M. RUSS, III, OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

WILENTZ, GOLDMAN & SPITZER, P.A., NEW YORK CITY (ALFRED M. ANTHONY OF
COUNSEL), COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO, GORDON & GORDON,
SPRINGFIELD, NEW JERSEY, AND HOBBIE, CORRIGAN & BERTUCIO, P.C.,
EATONTOWN, NEW JERSEY, FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered January 7, 2015. The order, inter alia, denied the motion of defendants-appellants to dismiss plaintiffs' class allegations.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Mary DeLuca (plaintiff) commenced this action, individually and on behalf of purported classes of personal injury plaintiffs seeking damages caused by defendants' negligent release of chemicals into the atmosphere. In appeal No. 1, Tonawanda Coke Corporation, the Estate of J.D. Crane, deceased, and Mark Kamholz (defendants) appeal from an order that, inter alia, denied their motion to dismiss the class allegations and granted plaintiff's cross motion for an extension of time in which to seek class certification. In appeal No. 2, defendants appeal from an order that, inter alia, granted in part plaintiff's motion for class certification and certified two classes of plaintiffs, one seeking damages for alleged loss in property values, and the other seeking damages for alleged loss of quality of life.

Contrary to defendants' contention in appeal No. 1, we conclude that Supreme Court did not abuse its discretion in granting

plaintiff's cross motion for an extension of time in which to seek class certification. "While class certification is an issue that should be determined promptly (*see* CPLR 902), a trial court has discretion to extend the deadline upon good cause shown" (*Rodriguez v Metropolitan Cable Communications*, 79 AD3d 841, 842; *see* CPLR 2004). Here, plaintiff made a showing of good cause by submitting evidence that further discovery was needed and that plaintiff had agreed to defendants' request to delay discovery until a criminal proceeding against defendants was complete (*see Chavarria v Crest Hollow Country Club at Woodbury, Inc.*, 109 AD3d 634, 634; *Rodriguez*, 79 AD3d at 842; *see generally Galdamez v Biordi Constr. Corp.*, 50 AD3d 357, 358). Furthermore, plaintiff established that she "had a good-faith belief that a motion for class action certification made at the close of discovery would be deemed timely" (*Argento v Wal-Mart Stores, Inc.*, 66 AD3d 930, 933).

In appeal No. 2, defendants contend that class certification was not appropriate because common questions of law or fact do not predominate over questions affecting only individual members. We reject that contention. "[A] class action may be maintained in New York only after the five prerequisites set forth in CPLR 901 (a) have been met, i.e., the class is so numerous that joinder of all members is impracticable, common questions of law or fact predominate over questions affecting only individual members, the claims or defenses of the representative parties are typical of the class as a whole, the representative parties will fairly and adequately protect the interests of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy" (*Rife v Barnes Firm, P.C.*, 48 AD3d 1228, 1229, *lv dismissed in part and denied in part* 10 NY3d 910). A plaintiff seeking class certification has the "burden of establishing the prerequisites of CPLR 901 (a) and thus establish[ing] . . . entitlement to class certification" (*Freeman v Great Lakes Energy Partners, L.L.C.*, 12 AD3d 1170, 1171; *see East2West Constr. Co., LLC v First Republic Corp. of Am.*, 115 AD3d 1206, 1208; *Rife*, 48 AD3d at 1229).

Contrary to defendants' contention, plaintiff established that there are common questions of law or fact whether defendants negligently discharged chemicals into the atmosphere and whether such negligent conduct caused decreases in property values or quality of life in the affected area (*see Olden v LaFarge Corp.*, 383 F3d 495, 508-509, *cert denied* 545 US 1152; *Mejdrech v Met-Coil Sys. Corp.*, 319 F3d 910, 911-912; *see generally Freeman*, 12 AD3d at 1171). Although the individual class members may have sustained differing amounts of damages, it is well settled that " 'the amount of damages suffered by each class member typically varies from individual to individual, but that fact will not prevent the suit from going forward as a class action if the important legal or factual issues involving liability are common to the class' " (*Borden v 400 E. 55th St. Assoc., L.P.*, 24 NY3d 382, 399; *see generally City of New York v Maul*, 14 NY3d 499, 514).

We also reject defendants' contention that plaintiff failed to meet the typicality requirement of CPLR 901 (a) (3). Plaintiff established that the claims of the class representative arose " 'out of the same course of conduct and are based on the same theories as the other class members' " (*Freeman*, 12 AD3d at 1171). Contrary to defendants' contention, because "the typicality requirement relates to the nature of the claims and the underlying transaction, not the amount or measure of damages, [the fact that the class representative's] damages may differ from those of other members of the class is not a proper basis to deny class certification" (*Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 22; *see Borden*, 24 NY3d at 399).

Contrary to defendants' further contention, the court provided adequate descriptions of the certified classes (*see* CPLR 903; *Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d 129, 137), and determining who is a member of each class would not require "individualized examination of each person[ ]" (*Mitchell v Barrios-Paoli*, 253 AD2d 281, 291).

Entered:  December 31, 2015                          Frances E. Cafarell
                                                     Clerk of the Court