Melamed v Americare Certified Special Servs., Inc. (2019 NY Slip Op 00268)





Melamed v Americare Certified Special Servs., Inc.


2019 NY Slip Op 00268


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-02524
 (Index No. 503171/12)

[*1]Raisa Melamed, etc., et al., appellants, 
v
Americare Certified Special Services, Inc., et al., respondents.


Beranbaum Menken LLP, New York, NY (Jason J. Rozger of counsel), for appellants.
Peckar & Abramson, P.C., New York, NY (Kevin J. O'Connor of counsel), for respondents.



DECISION & ORDER
In a putative class action, inter alia, to recover damages for violations of Labor Law articles 6 and 19, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated January 20, 2016. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the class action allegations of the complaint and denied as academic the plaintiffs' cross motion pursuant to CPLR 3124 to compel the production of certain payroll data.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the class action allegations of the complaint is denied, and the plaintiffs' cross motion pursuant to CPLR 3124 to compel the production of certain payroll data is granted.
The plaintiffs, home health aides who were employed by the defendants and who often worked 24-hour "live in" shifts, commenced this action on behalf of themselves and all other similarly situated employees, seeking damages for underpayment of minimum and overtime wages in violation of the Labor Law and New York State Department of Labor wage orders and regulations. Prior to serving their answer, the defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, and the plaintiffs cross-moved pursuant to CPLR 901 and 902 for class certification. In an order dated December 11, 2014, the Supreme Court denied the defendants' motion and denied the plaintiffs' cross motion without prejudice to renew after the completion of limited discovery necessary to adduce evidence to satisfy the requirements of CPLR 901 and 902. The court concluded, inter alia, that the evidence adduced by the plaintiffs on their cross motion was insufficient to demonstrate that they would fairly and adequately represent the interests of the class.
Thereafter, some discovery was exchanged, but the defendants refused to provide certain payroll data relating to the proposed class of home health aides that was requested by the plaintiffs. The defendants then moved pursuant to CPLR 3211(a)(7) to dismiss the class action allegations of the complaint on the basis that the plaintiffs had not timely moved for leave to renew their motion for class certification. The plaintiffs opposed the motion and cross-moved pursuant to CPLR 3124 to compel the production of the requested payroll data. The Supreme Court granted the motion and denied the cross motion as academic. The plaintiffs appeal.
The time limitation to file a motion for class certification "applies only to a motion for the initial certification of the class" (O'Brien v GEICO Ins. Co., 99 AD3d 683, 684; see Louisiana Mun. Employees' Retirement Sys. v Cablevision Sys. Corp., 74 AD3d 1291, 1293). Here, the plaintiffs' initial motion for class certification was timely made. Moreover, while the defendants contend that the plaintiffs failed to timely renew their motion, the defendants refused to provide material sought by the plaintiffs which was needed to determine whether the prerequisites of a class action set forth in CPLR 901(a) could be satisfied and to address the considerations set forth in CPLR 902 for determining whether the matter may proceed as a class action (see Chavarria v Crest Hollow Country Club at Woodbury, Inc., 109 AD3d 634, 634; Rodriguez v Metropolitan Cable Communications, 79 AD3d 841, 842; see also Galdamez v Biordi Constr. Corp., 50 AD3d 357, 358). The items of discovery sought are material and necessary to the determination of whether the plaintiffs "will fairly and adequately protect the interests of the class" (CPLR 901[a][4]), and the evaluation of whether prosecuting or defending separate actions would be impractical or inefficient and any "difficulties likely to be encountered in the management of a class action" (CPLR 902[5]; see CPLR 902[2]; 3101[a]).
Accordingly, the Supreme Court should have denied the defendants' motion to dismiss the class action allegations of the complaint, and should have granted the plaintiffs' cross motion pursuant to CPLR 3124 to compel the production of the requested payroll data.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.

2016-02524 DECISION & ORDER ON MOTION
Raisa Melamed, etc., et al., appellants, v Americare
Certified Special Services, Inc., et al., respondents.
(Index No. 503171/12)

Motion by the respondents, inter alia, to strike stated portions of the record and the appellants' brief on an appeal from an order of the Supreme Court, Kings County, dated January 20, 2016, on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated January 17, 2017, that branch of the motion which is to strike stated portions of the record and the appellants' brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the record and the appellants' brief is granted, pages 12 through 13, 60 through 844, 946, and 1180 through 1182 of the record on appeal are stricken, those portions of the appellants' brief which refer to that material are stricken, and those portions of the record and the appellants' brief have not been considered in the determination of the appeal.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court