Bardsley v Great Lakes Indus. Dev., LLC (2022 NY Slip Op 03614)

Bardsley v Great Lakes Indus. Dev., LLC

2022 NY Slip Op 03614

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND WINSLOW, JJ.

295 CA 21-00115

[*1]DINA BARDSLEY AND MICHAEL BARDSLEY, HER HUSBAND, INDIVIDUALLY, AND AS CLASS REPRESENTATIVE PLAINTIFFS, PLAINTIFFS-APPELLANTS,
v
GREAT LAKES INDUSTRIAL DEVELOPMENT, LLC, AND INDUSTRIAL MATERIALS RECYCLING, LLC, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 

VINAL & VINAL, P.C., BUFFALO (JEANNE M. VINAL OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
NIXON PEABODY LLP, ROCHESTER (ZACHARY C. OSINSKI OF COUNSEL), FOR DEFENDANT-RESPONDENT GREAT LAKES INDUSTRIAL DEVELOPMENT, LLC. 
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANT-RESPONDENT INDUSTRIAL MATERIALS RECYCLING, LLC. 

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered January 19, 2021. The order denied the motion of plaintiffs for class certification. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Plaintiffs commenced this action, individually and on behalf of purported classes of similarly situated plaintiffs seeking damages from a multi-day warehouse fire caused by defendants' alleged negligence. In appeal No. 1, plaintiffs appeal from an order denying their motion for, among other things, class certification. Following entry of that order, Supreme Court granted plaintiffs leave to reargue their motion and, upon reargument, adhered to its earlier determination denying plaintiffs' motion for class certification in its entirety. In appeal No. 2, plaintiffs appeal from that subsequent order insofar as it "denied class certification relative to the personal injury claims."
Initially, we conclude that appeal No. 1 should be dismissed inasmuch as the order in appeal No. 2 superceded the order in appeal No. 1 (see Matter of William Mattar, P.C. v Hall, 199 AD3d 1416, 1417 [4th Dept 2021]; see generally Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]).
In appeal No. 2, plaintiffs contend that the court erred in denying their motion insofar as it sought class certification of a personal injury subclass. We reject that contention. "[A] class action may be maintained in New York only after the five prerequisites set forth in CPLR 901 (a) have been met, i.e., the class is so numerous that joinder of all members is impracticable, common questions of law or fact predominate over questions affecting only individual members, the claims or defenses of the representative parties are typical of the class as a whole, the representative parties will fairly and adequately protect the interests of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy" (Rife v Barnes Firm, P.C., 48 AD3d 1228, 1229 [4th Dept 2008], lv denied in part and dismissed in part 10 NY3d 910 [2008]). "Class action is appropriate only if all five of the requirements are met . . . and the burden of establishing those requirements is on the party [*2]seeking certification" (Ferrari v National Football League, 153 AD3d 1589, 1591 [4th Dept 2017]).
Plaintiffs failed to establish a "predominance of common questions over individual questions" (id.; cf. DeLuca v Tonawanda Coke Corp., 134 AD3d 1534, 1535-1536 [4th Dept 2015]). Here, plaintiffs allege that members of the personal injury subclass suffered a variety of medical ailments as a result of the multi-day warehouse fire, including brain cancer, asthma, and osteoarthritis. Thus, although there may be common questions with respect to defendants' negligence (see DeLuca, 134 AD3d at 1535), a determination of whether such negligence caused the injuries alleged with respect to each plaintiff will require detailed individualized assessments of each plaintiff's medical history, including preexisting conditions (see generally Rife, 48 AD3d at 1230). "[T]he necessity of conducting such individual inquiries would become the predominant focus of the litigation, rendering the litigation extremely difficult if not impossible to manage" (Matter of Long Is. Power Auth. Hurricane Sandy Litig., 200 AD3d 1040, 1043 [2d Dept 2021]; see Geiger v American Tobacco Co., 277 AD2d 420, 420 [2d Dept 2000], lv dismissed 96 NY2d 754 [2001]). In light of that conclusion, plaintiffs' remaining contentions regarding the personal injury subclass are academic.
Inasmuch as plaintiffs limited their appeal by the terms of the notice of appeal to the court's denial of the motion with respect to class certification of only the personal injury subclass, plaintiffs have waived their right to appeal the court's order insofar as it denied the motion with respect to certification of the property damage subclass (see Central Buffalo Project Corp. v Edison Bros. Stores, 205 AD2d 295, 298 [4th Dept 1994]). Further, by failing to address the alleged medical monitoring subclass in their brief, plaintiffs have abandoned any contention that the court erred in denying the motion with respect to certification of that subclass (see Ciesinski v Town
of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court