Yen Hsang Chang v Westside 309 LLC (2022 NY Slip Op 03964)

Yen Hsang Chang v Westside 309 LLC

2022 NY Slip Op 03964

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Renwick, J.P., Manzanet-Daniels, Kern, Mazzarelli, Shulman, JJ. 

Index No. 153031/18 Appeal No. 16158 Case No. 2022-01088 

[*1]Yen Hsang Chang et al., Plaintiffs-Appellants,
v
Westside 309 LLC, et al., Defendants-Respondents.

Newman Ferrara LLP, New York (Lucas A. Ferrara of counsel), for appellants.
Greenberg Traurig LLP, New York (Daniel J. Ansell of counsel), for Westside 309 LLC, Thayer 45 LLC, Post 118 LLC, Seaman 20 LLC, Seaman 30 LLC, Seaman 133 LLC,Vermilyea 153 LLC, Heights 170 LLC, Heights 624 LLC, Heights 177 LLC, Ft. George 617 LLC, Inwood 213 LLC, Payson 55 LLC, Crown Associates LLC, Gebs Realty LLC,Aljo Realty LLC, ABIIII Realty LLC, Skillman 47 LLC, QPI-XXXII LLC, Page Realty LLC, Sylveen Realty LLC, Sunnyside 45-42 LLC, and Sunnyside 47-21 LLC, respondents.
Law Office of Stacie Bryce Feldman, New York (Stacie Bryce Feldman of counsel), for Sunnyside 42 LLC, respondent.

Order, Supreme Court, New York County (Lewis J. Lubell, J.), entered on or about March 11, 2022, which denied plaintiffs' motions to compel production of documents, without prejudice, unanimously affirmed, without costs.
The court providently exercised its discretion in denying the motions to compel (see United Airlines v Odgen N.Y. Servs. , 305 AD2d 239, 240 [1st Dept 2003]). At the preclass certification stage, plaintiffs are entitled to "limited discovery, to determine whether the prerequisites to class certification listed in CPLR 901 are present, and to assess the feasibility considerations listed in CPLR 902 in relation to the particular facts" (Chimenti v American Express Co. , 97 AD2d 351, 352 [1st Dept 1983], appeal dismissed 61 NY2d 669 [1983]). The purpose of preclass certification discovery is to ascertain the dimensions of the group of individuals who share a plaintiff's grievance (see Katz v NVF Co. , 100 AD2d 470, 473 [1st Dept 1984]). Thus, "[p]reclass certification disclosure should be limited to ascertaining only those facts which are necessary to support an application for class status" (Gewanter v Quaker State Oil Ref. Corp. , 87 AD2d 970, 970 [4th Dept 1982]).
Here, plaintiffs' motions to compel were silent on how the requested disclosure was designed to meet the requirements of CPLR 901, or why it was appropriate in the preclass certification stage of the case. The fact that the court had previously authorized plaintiffs to engage in "relevant discovery" does not warrant a different outcome since relevant discovery does not equal limitless discovery.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022